**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | |
|---|---|
| **SCOTT ANTHONY LONG** | **PETITIONER** |
| **v.** | **No. 1:25-CV-121-RPC-RP** |
| **BURL CAIN** | **RESPONDENT** |

**MEMORANDUM OPINION**

This matter comes before the Court on the *pro se* petition of Scott Anthony Long for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [14] to dismiss the petition as moot, and, in the alternative for failure to exhaust state remedies. Long has not responded to the motion; the deadline to do so has expired, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be **GRANTED**, and the instant petition for writ of *habeas corpus* will be **DISMISSED without prejudice** as moot – and for failure to exhaust state remedies.

***Habeas Corpus* Relief Under 28 U.S.C. § 2254**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, *The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame*, 53 N.Y.U.L.Rev. 983 (1978); Glass, *Historical Aspects of Habeas Corpus*, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9 of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789.

*Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. ***Frank v. Mangum***, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture[1]**

At the time Long filed the instant *habeas corpus* petition, he was in the custody of the Mississippi Department of Corrections (MDOC) serving a sentence for his 2010 conviction on aggravated assault charges out of Chickasaw County [Doc. 1]. His federal petition does not challenge his conviction and sentence for aggravated assault; instead, he argues that MDOC has miscalculated the date of his discharge and placement on post-release supervision [Doc. 1 at 5]. Long's MDOC records, however, reveal that he was discharged from MDOC custody "due to expiration of [his] sentence" in September 2025. *See* **Exhibit A** (Discharge Certificate); *see also* **Exhibit B** (Inmate Time Sheet).[2, 3] As Long has since been discharged from MDOC custody and

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[2] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion [14] to dismiss.

[3] Long's discharge certificate confirms that was discharged from MDOC's physical custody "due to expiration of [his] prison sentence." **Exhibit A** (Discharge Certificate). But the certificate also

is currently on post-release supervision, the Court can no longer consider the computation of his discharge date; nor can the Court grant the relief requested (placement on post-release supervision). For this reason, the Court must dismiss the instant petition as moot.

**Chickasaw County Cause Number HK2010-005**

On February 11, 2010, Long was indicted in Chickasaw County Circuit Court for a September 12, 2009, aggravated assault [Doc. 13-1 at 4 (SCR, Chickasaw County Circuit Court Cause No. HK2010-005, MEC Doc. 1)]. Capias was returned executed on February 13, 2010 [Doc. 13-1 at 6 (SCR, Chickasaw County Circuit Court Cause No. HK2010-005, MEC Doc. 3)].

On March 12, 2010, Long waived arraignment and entered a plea of "not guilty" on the aggravated assault charge [Doc. 13-1 at 10 (SCR, Chickasaw County Circuit Court Cause No. HK2010-005, MEC Doc. 5)]. Two months later, on May 4, 2010, Long changed his plea to guilty [Doc. 13-1 at 28 (SCR, Chickasaw County Circuit Court Cause No. HK2010-005, MEC Doc. 10)]. On May 5, 2010, Long was sentenced to "twenty years with ten years … suspended." [Doc. 13-1 at 35 (SCR, Chickasaw County Circuit Court Cause No. HK2010-005, MEC Doc. 12)]. The trial court ordered that "[t]he ten years suspended sentence[] [was] conditional upon the defendant's good behavior and strict compliance with all of the conditions given by the Court and/or set forth below under section 47-7-35." [Doc. 13-1 at 35 (SCR, Chickasaw County Circuit Court Cause No. HK2010-005, MEC Doc. 12)]. The trial court "placed [Long] on five years of post-release supervised probation." [Doc. 13-1 at 36 (SCR, Chickasaw County Circuit Court Cause No. HK2010-005, MEC Doc. 12)].

---

states that it "does <u>NOT</u> release [him] from any of the responsibilities contained in the conditions of release or any of the remaining portions of the sentence imposed by the court." *See* **Exhibit A** (Discharge Certificate). Attached to Long's discharge certificate is a probation reporting form for Long's two years of probation following his release from MDOC custody. **Exhibit C** (Probation Form).

Long violated the terms of his post release supervision many times, and the trial court revoked it and ordered him to serve 7 ½ years of his suspended sentence in MDOC custody – the remaining two years to be suspended conditioned upon his good behavior and compliance with the terms of his release. [Doc. 13-1 at 107 (SCR, Chickasaw County Circuit Court Cause No. HK2010-005, MEC Doc. 54)]; *see also* [Doc. 13-1 at 73, 75, 84, 86, 99 (SCR, Chickasaw County Circuit Court Cause No. HK2010-005, MEC docs. 33, 34, 44, 45, 53)]. MDOC records reflect that Long returned to serve his suspended sentence in MDOC physical custody on January 26, 2022, until his discharge to probation on September 18, 2025. **Exhibit B** (Inmate Time Sheet).

**Administrative Remedy Program (ARP) Proceedings**

On February 19, 2025, Long filed an ARP grievance, inquiring about why he failed his earned release supervision (ERS) audit. **Exhibit D** at 2 (ARP No. MSP-25-213). On June 5, 2025, MDOC responded that Long had "restitution upon completion and there [we]re no beds available[;] also [his] ERS date and discharge dates [we]re the same (9/18/2025)[;] therefore, [he] would discharge anyway." **Exhibit D** at 4 (ARP No. MSP-25-213). Long acknowledged receipt of this response on July 2, 2025, and indicated that he wished to cancel his grievance. **Exhibit D** at 6 (ARP No. MSP-25-213).

On June 12, 2025, Long filed another grievance, inquiring about why he was "taken out of trusty status" when his "tentative date passed [his] parole date." **Exhibit E** at 2 (ARP No. MSP-25-684). He requested a return to trusty status and for MDOC to "fix his time." **Exhibit E** at 2 (ARP No. MSP-25-684). On August 27, 2025, MDOC responded that he was "taken out of trusty sta[tus] because [his] tentative date cannot be less than his parole date" and he had "to serve 50% of [his] sentence," which he had not completed at that time. **Exhibit E** at 7 (ARP No. MSP-25-684).

**Federal Petition for Writ of *Habeas Corpus***

On July 25, 2025, Long filed the instant *habeas corpus* petition under 28 U.S.C. § 2254 after his "tentative release date ha[d] passed" on July 7, 2025 [Doc. 1 at 5]. Long raises three issues in his petition: (1) "unlawful removal from trusty status," (2) "MDOC allow[ed] ERS to proceed past 50%," and (3) "ex post-facto" violations [Doc. 1 at 7–8]. As relief, he seeks: "immediate release" and "financial compensation for unlawfully detaining [him] beyond [his] discharge date." [Doc. 7 at 15]. As discussed below, Long is not entitled to the relief he seeks.

**The Instant Petition Seeking Recalculation of His Sentence and Release from Custody Is Moot Because He Has Been Discharged from MDOC Custody**

Long argues that MDOC unlawfully removed him from trusty status and "allow[ed] [his] ERS to proceed past 50%." [Doc. 1 at 5–7]. Long also alleges an ex post facto violation, arguing that MDOC erroneously applied "a 2014 statute to a 2010 conviction." [Doc. 1 at 8]. He seeks "immediate release" as the remedy for his allegedly erroneous continued incarceration [Doc. 1 at 15]. However, the court can no longer provide the relief Long seeks because he has since been released from MDOC custody.[4]

Long was released from MDOC custody and placed on probation in September 2025, after he filed the instant petition. *See* **Exhibit A** (Discharge Certificate); *see also* **Exhibit C** (Probation Form). Thus, any challenges to MDOC's computation of his sentence, as well as Long's request for release from MDOC custody, have been rendered moot. *See* ***Bailey v. Sutherland***, 821 F.2d 277, 278 (5th Cir. 1987) (a petition for writ of *habeas corpus* may become moot when "[t]he main thrust" of the petitioner's application is to be released from confinement, and if petitioner is "released ... this court can no longer provide him with that relief."); *see also* ***Brister v. Epps**,* 2013

[4] Long updated his personal address with the court on November 14, 2025, confirming that he is no longer in MDOC custody [Doc. 11].

WL 5705662 at *3 (S.D. Miss. Oct. 18, 2013) (a petition seeking the restoration of sentence credits to a term of imprisonment that has been completed is moot).

"Mootness is a jurisdictional question that goes to the heart of Article III's case-and-controversy requirement." ***Crocker v. Austin***, 2024 WL 426136, at *5 (5th Cir. Sept. 23, 2024) (internal quotations omitted) (citing ***Abbott v. Biden,*** 70 F.4th 817, 824 (5th Cir. 2023)). The question of whether a case is moot presents a jurisdictional matter because it touches on the Article III requirement that a live controversy exist at all stages of federal court proceedings. ***Bailey***, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." ***Adair v. Dretke***, 150 F. App'x 329, 331 (5th Cir. 2005) (citation omitted).

A live case can become moot when an "intervening factual event … causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." ***Dailey v. Vought Aircraft Co.***, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted). A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." ***Abbott***, 70 F.4th at 824 (citation and internal quotations omitted); *see* ***Salgado v. Fed. Bureau of Prisons***, 220 F. App'x 256, 257 (5th Cir. 2007) (citing ***Willy v. Admin. Rev. Bd.***, 423 F.3d 483, 494 n.50 (5th Cir. 2005) ("If an event occurs that prevents us from granting 'any effectual relief whatever' to a prevailing party, the controversy is moot, and the [case] must be dismissed.")) (other citations omitted).

Long was released from MDOC custody on September 18, 2025, and placed on probation. As such, his claims challenging MDOC's computation of his sentence and his request for release from MDOC custody have been rendered moot and will be dismissed without prejudice.

**Long Did Not Exhaust State Remedies**
**Before Filing the Instant Petition**

The instant petition must also be dismissed because Long has not exhausted state remedies as to any of his claims. "A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." ***Sterling v. Scott***, 57 F.3d 451, 453 (5th Cir. 1995) (citing ***Rose v. Lundy***, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." ***Sones v. Hargett***, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing ***Vela v. Estelle***, 708 F.2d 954, 958 (5th Cir. 1983)).

A petitioner may exhaust his claims by pursuing them through one complete cycle of either state direct appeal or post-conviction collateral proceedings. ***Busby v. Dretke***, 359 F.3d 708, 724 (5th Cir. 2004). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." ***Graham v. Johnson***, 94 F.3d 958, 968 (5th Cir. 1996) (citing ***Rose***, 455 U.S. at 518-19). The exhaustion doctrine "[gives] the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" ***Satterwhite v. Lynaugh***, 886 F.2d 90, 92 (5th Cir. 1989) (quoting ***Rose***, at 518) (citations omitted).

In this case, Long has not pursued any of his federal *habeas corpus* claims in the Mississippi Supreme Court, and the instant petition must be dismissed *without* prejudice for that reason.

**Money Damages Are Not Available Through**
***Habeas Corpus* Proceedings**

Long also seeks "financial compensation for unlawfully detaining [him] beyond [his] discharge date." [Doc. 1 at 15]. Money damages are not, however, an available form of relief through a petition for writ of *habeas corpus*. *See* ***Preiser v. Rodriguez***, 411 U.S. 475, 484, (1973) (money damages not cognizable through *habeas corpus*). A writ of *habeas corpus* is the proper

forum for a prisoner challenging the fact or duration of his confinement who seeks immediate or speedier release. ***Heck v. Humphrey***, 512 U.S. 477, 481 (1994); ***Preiser***, 411 U.S. 475, 484, 488–90 (1973). However, "[i]f a favorable determination … would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." ***Carson v. Johnson***, 112 F.3d 818, 821 (5th Cir. 1997) (internal citation omitted). Ultimately, as our sister court in the Southern District explained, "[c]laims for monetary damages must be pursued under 42 U.S.C. § 1983; damages are not available in a federal *habeas* [*corpus*] proceeding." *See* ***Marks v. King***, 2005 WL 3447614, at *1 (S.D. Miss. Dec. 15, 2005) (money damages are not proper in *habeas corpus* proceedings). Long's request for money damages must thus be dismissed without prejudice.

**Conclusion**

For the reasons set forth above, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 24th day of September, 2026.

Robert P. Chamberlin

**UNITED STATES DISTRICT JUDGE**